445 P.2d 141

**Byron C. WATTS, Plaintiff and Appellant,**

v.

**Ardith WATTS, Defendant and Respondent.**

**No. 11145.**

Supreme Court of Utah.

Sept. 20, 1968.

Dwight L. King, Salt Lake City, for appellant.

Harley W. Gustin, of Gustin & Richards, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a judgment denying plaintiff's petition to modify a divorce decree entered but a couple of months before. Affirmed with costs to defendant.

Shortly after the divorce, at which alimony and custody of a minor child were awarded to Mrs. W, she obtained a secretarial job at $275 per month. Shortly thereafter, Mr. W filed a petition asking a) that the decreed alimony be terminated because of changed circumstances, and b) that the custody of the child be awarded to Mr. W because the boy was not happy with his mother and preferred to live with his father. Mr. W urges that the trial court abused its discretion in refusing to grant the petition as prayed. We disagree.

As to a) above: The record does not reveal any substantial change in cir-

cumstances justifying modification,—particularly in view of the fact that Mr. W met few of the sanctions of the decree anent paying obligations with respect to properties,—and more particularly with respect to making mortgage payments on the home,—without which home it appears Mrs. W might be tented. Such failure on the part of Mr. W provoked a written notice of foreclosure proceedings, partially provoked Mr. W's being held in contempt of court, and represents the only substantial change in circumstances that conceivably could provoke the court to any modification,—and it is rather unconscionable to conclude that such unilateral change in circumstances could inure to the benefit of a conceded defaulter.

As to b): Many children are unhappy at home, as were Tom and Huck, which is a good reason only to say they are unhappy at home. Discipline is something else, which a trial court must learn to spell without necessarily equating the term with "unhappy." We think the trial court did a pretty good job of equating,—especially since the facts reflect at least a possible surmise that the Pied Piper was lurking in the shadows,—not with a whistle, perhaps, but mayhap with tempting ice cream cones or a toy space ship.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.